FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

2009 APR -2 PM 3: 44

CASE NO.:

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**NORMA ANDINO-CRUZ,**
Plaintiff,

v.

**FIRST REVENUE ASSURANCE, LLC.**
Defendant.

3:09-cv-304-4-32JRK

_____/

## COMPLAINT

Plaintiff, **NORMA ANDINO-CRUZ**, by and through her undersigned counsel, hereby files

this Complaint and sues Defendant, **FIRST REVENUE ASSURANCE, LLC** alleging:

## NATURE OF ACTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations
      of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter "FDCPA"), the
      Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 to §501.213
      (hereinafter "FDUTPA"), and the Florida Consumer Collection Practices Act, Fla. Stat.
      §559.55 to §559.785 (hereinafter "FCCPA"), which prohibits debt collectors from engaging
      in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and
      supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.
      Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.   Venue in this
      District is proper because Defendant transacts business here and the conduct complained of
      occurred here.

## PARTIES

3.    Plaintiff is a natural person residing in Duval County, Florida.

4. Defendant is a Corporation engaged in the business of collecting debts in this state with its principal place of business in Denver, Colorado.

5. The principal purpose of Defendant is the collection of debts using the internet, mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6. At all times mentioned in this Complaint, Defendant was a "debt collector" as defined under the FDCPA, 15 U.S.C. 1692a(6).

7. At all times mentioned in this Complaint, Plaintiff was a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

8. Mark Blanchard ("Mr. Blanchard"), a collector employed by Defendant, called Plaintiff in an effort to collect an alleged debt owed by Plaintiff. Plaintiff requested from Mr. Blanchard Defendant's cease and desist information, but Mr. Blanchard just told Plaintiff to "pay her damn bills."

9. During Mr. Blanchard's telephone call to Plaintiff, Mr. Blanchard did not advise Plaintiff of the disclosures required by 15 USC §1692e(11).

10. The following day, Plaintiff called Defendant and spoke to Samantha Godwin ("Ms. Godwin"), a collector employed by Defendant. Plaintiff asked to speak to a supervisor and after giving Ms. Godwin some general information, Ms. Godwin demanded payment from Plaintiff. After Plaintiff repeatedly asked to speak to a supervisor, Ms. Godwin stated that she would transfer her to a supervisor but that the supervisor "would just tell her the same thing." Ms. Godwin transferred Plaintiff to Anaitra Parks ("Ms. Parks"), a supervisor employed by Defendant. Plaintiff repeatedly asked Ms. Parks for Defendant's cease and

desist information, such as Defendant's address and facsimile number. Ms. Parks, however, refused to disclose the requested information.

11.     Plaintiff's telephone conversation with Defendant regarding the alleged debt owed by Plaintiff, and Defendant's consistent refusal to disclose Defendant's cease and desist information caused Plaintiff great distress.

12.     Plaintiff disputes the amount of the alleged debt that Defendant claims Plaintiff owes.

## COUNT ONE: FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

13.     Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through twelve (12).

14.     This is an action for damages for violation of the "FDCPA."

15.     Defendant's violations include, but are not limited to, the following:

a.      In connection with the collection of a debt, the Defendant used false or deceptive or misleading misrepresentations or means by failing to disclose in an initial, oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose in violation of 15 U.S.C. §1692e(11).

b.      Defendant violated 15 U.S.C. §1692d by engaging in conduct in which the natural consequence of which is to harass, oppress and abuse any person in connection with the collection of an alleged debt.

16.     As a direct and proximate result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems appropriate.

## COUNT TWO: UNFAIR AND DECEPTIVE TRADE PRACTICE

17.   Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through 12 (twelve).

18.   This is an action for damages for violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.201 to §501.213).

19.   Collection of this debt was a "consumer transaction" within the scope of the Florida Deceptive and Unfair Trade Practices Act, §501.201 to §501.213.

20.   In engaging in the above business practices and collection practices described above, Defendant committed an unfair and deceptive act or practice in connection with the collection of the alleged debt owed to Defendant.

21.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22.   Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Deceptive and Unfair Trade Practices Act provides for an award of attorney's fees should Plaintiff prevail in this matter.

23.   As a result of the above violations of the state Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows: actual damages, statutory damages, costs of this action, attorney's fees and such other and further relief as this Court

may deem just.

## COUNT THREE: FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

24. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 (one) through 12 (twelve).

25. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §559.55 to §559.785)

26. Defendant is and was subject to, and has violated The Florida Consumer Collection Practices Act by engaging in the collection of a consumer debt and:

a. using profane, vulgar or willfully abusive language in communicating with the debtor or any member of her family. F.A. 559.721(8);

b. refusing to provide adequate information of him or herself or employer when requested to do so by a debtor from whom he or she is collecting or attempting to collect a consumer debt. F.S. 559.72(15);

27. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. Florida law, Section 559.77, provides for an award of attorneys fees should Plaintiff prevail in this matter.

28. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute Section 559.77 including, but not limited to emotional distress, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**COLLINS & STORY, P.A.**

MAX STORY, ESQUIRE
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
(904) 355-0805
Attorney for Plaintiff